UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LALLY and JANEY LALLY, h/w and FAYE LALLY<br><br>Plaintiffs,<br><br>vs.<br><br>CLIENT SERVICES, INC.<br><br>Defendant. | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Thomas Lally, Janey Lally and Faye Lally, by and through their undersigned counsel, Warren, Vullings & Vassallo, LLP, complaining of Defendant, and respectfully aver as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs are individual consumers and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiffs, Thomas Lally and Janey Lally, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing at 51 South 4th Avenue, Apartment F, Clarion, Pennsylvania 16214. Thomas and Janey Lally are husband and wife.

5. Plaintiff, Faye Lally, is an adult individual and citizen of the Commonwealth of Pennsylvania. Faye Lally is the mother of plaintiff, Thomas Lally, and the mother-in-law of plaintiff, Janey Lally.

6. Defendant, Client Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 3451 Harry Truman Boulevard, St. Charles, Missouri 63301.

7. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

8. The Lally family has recently started receiving a series of harassing calls from defendant. The harassing calls are relative to a consumer debt incurred by Janey Lally only.

9. Faye Lally, who is 98 years old and resides in an assisted living facility, is being harassed and berated by defendant, who somehow obtained the nursing home's

telephone number. In one particular call to Faye Lally, defendant asked her, "How's Janey's health? When's the last time you've seen her?" These calls to Faye Lally are extremely distressing, because the caller implies something horrible has happened to Janey Lally, who is stricken with Multiple Sclerosis.

10. On a second occasion, Faye Lally was called at the nursing home and the caller wanted to speak directly with Janey Lally. When Faye Lally inquired as to the identity of the caller, the defendant would not answer the question and merely said Janey had used Faye Lally as a reference. Defendant's son, plaintiff Thomas Lally, spoke to defendant and told defendant to stop calling his mother at the nursing home. Defendant arrogantly and rudely told Thomas Lally they would continue to call his mother until they reached Janey Lally.

11. On a separate occasion, Thomas Lally was called and defendant started asking him for questions about his employment, which Mr. Lally refused to divulge. The debt is not that of Thomas Lally and defendant has no cause whatsoever to make such inquiries. At no time did defendant identify itself or advise Thomas Lally of his mini-Miranda rights.

12. The harassing, intimidating and bullying and rude third party contacts are violations of the FDCPA.

## COUNT I
### FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

13. The above paragraphs are hereby incorporated herein by reference.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. 15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt.

   b. 15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

   c. 15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt.

   d. 15 U.S.C. 1692b(1), in that Defendant failed to identify themselves or failed to state that the collector was confirming or correcting location information.

   e. 15 U.S.C. 1692b(3), in that Defendant contacted third parties more than once even after being asked to stop calling and harassing them about a debt that was not theirs.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant and Order the following relief:

   a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

      b.      Actual damages;

      c.      Statutory damages pursuant to 15 U.S.C. §1692k;

      d.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

      e.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

16.    Plaintiff repeat, re-allege and incorporate by reference the foregoing paragraphs.

17.    The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL"). Defendant is a "debt collector" pursuant to 73 Pa. C.S. §2270.3.

18.    The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

19.    The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

20    The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

21.    Violations of the FDCPA is a per se violation of the FCEUA and the UTCPL.

22. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

23. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of suit; and

d. Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 et seq.

24. The foregoing paragraphs are incorporated herein by reference.

25. Plaintiffs and Defendant are "Persons" pursuant to 73 Pa. C.S. §201-2.

26. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

27. The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiffs the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S> §201-3.1;

b. Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL;

28. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

29. By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  i. An Order declaring that Defendant violated the UTPCPL;

  ii. Actual damages;

  iii. Treble damages;

  iv. An award of reasonable attorney's fees and expenses and costs of suit; and

  v. Such addition relief as is deemed just and proper, or that the interests of justice may require.

V.  **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

                                                      **Respectfully submitted,**

                                        WARREN, VULLINGS & VASSALLO, LLP

Date: 7/23/08                 BY:   /s/**Carol L. Vassallo**
                                                Carol L. Vassallo
                                                Of Counsel - Warren & Vullings LLP
                                                Identification No. 45372
                                                1603 Rhawn Street
                                                Philadelphia, PA 19111
                                                215-745-9800   Fax 215-745-7880
                                                Attorney for Plaintiffs